IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ROBINETTE LONG,**

    **Plaintiff,**

v.                                                                               Case No. 13-cv-0380 RB/SMV

**EASTERN NEW MEXICO UNIVERSITY
BOARD OF REGENTS, LEE QUICK,
KATHY KNOLL, JULIE GAWEHN,
JANE BLAKELEY, and SCOTT SMART,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on the Attorney Affidavit of Paul M. Gayle-Smith [Doc. 79], filed August 28, 2014 ("Affidavit"). Defendant Eastern New Mexico University ("ENMU") filed its Objection[s] to Plaintiff's Affidavit for Attorney Fees [Doc. 80] on September 5, 2014 ("Objections"). Plaintiff filed an Amended Attorney Affidavit [Doc. 81] and a Reply [Doc. 82] on September 10, 2014. Having reviewed the parties' submissions and the applicable law, and being otherwise fully advised in the premises, the Court finds that Plaintiff's request for $8,014.54[1] in attorney's fees will be reduced in accordance with this Memorandum Opinion and Order.

---

[1] The original Affidavit requested $6,678.79 in attorney's fees, based on 22.5 hours of work at $275/hour, plus gross receipts taxes. [Doc. 79]. The Amended Affidavit seeks $8,014.54, based on 27.0 hours at $275/hour plus gross receipts taxes. [Doc. 81]. The second figure includes 4.5 hours expended on Plaintiff's Reply to Defendant's Objections. *See* [Doc. 81-1].

## Background

On August 27, 2014, this Court ordered Defendant ENMU to pay Plaintiff her reasonable attorney's fees under Rule 37 of the Federal Rules of Civil Procedure in connection with bringing and filing Plaintiff's Second Motion to Compel [Doc. 69]. *See* Order Granting in Part and Denying in Part Plaintiff's Second Motion to Compel [Doc. 78] at 3. Plaintiff submitted the Affidavit and requested fees in the amount of $6,678.79. Plaintiff calculated this amount by multiplying the requested hourly rate ($275) by the number of hours expended in connection with the Motion (22.50).

In its Objections, Defendant challenges the amount of the requested attorney's fees on a number of grounds. Defendant argues that Plaintiff has not met her burden of proving the reasonableness of the $275/hour rate requested by Plaintiff's counsel. [Doc. 80] at 4. Defendant further argues that the number of hours reflected in the Affidavit is excessive and unreasonable given the tasks performed. *Id*. at 5–6. Defendant contends that if attorney's fees are to be awarded (which Defendant disputes), a reasonable amount of time would be six hours. *Id*. at 6. Defendant also objected on the grounds that the Affidavit was inadequate in that it merely identified a total number of hours of attorney time, rather than breaking down the number of hours expended by Plaintiff's counsel on each task individually. *Id*. at 4.

Plaintiff's Amended Attorney Affidavit, filed with her Reply, seeks a total of $8,014.54 in attorney's fees. [Doc. 81]. Attached to the Reply is Exhibit A (Times Sheet Excerpt), which reflects specific amounts of time Plaintiff's counsel spent on individual tasks associated with the Motion to Compel. *See* [Doc. 82-1].

**Law Regarding the Award of Attorney's Fees**

The starting point for determining the appropriate amount of attorney's fees is to calculate the number of hours reasonably expended and to multiply that number by a reasonable hourly rate. *Hensley v. Eckert*, 461 U.S. 424, 433 (1983) (interpreting the attorney fee provision of 42 U.S.C. § 1988); *see also Centennial Archeology, Inc. v. Aecom, Inc.*, 688 F.3d 673, 680 (10th Cir. 2012) (applying the § 1988 attorney-fee case law to Fed. R. Civ. P. 37 attorney-fee issue). This calculation is referred to as the "lodestar" method. *See Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). The court has an obligation to exclude hours not "reasonably expended" from the lodestar calculation. *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996).

There are two elements to the reasonableness inquiry: First, whether the attorney has exercised billing judgment and deleted excessive, unnecessary, or redundant fees from his or her fee application, and second, whether the fee award is reasonable in light of the success obtained. *See Hensley*, 461 U.S. at 434. The burden is on the party requesting fees to demonstrate that the time expended was indeed reasonable. *Case v. Unified School Dist.*, 157 F.3d 1243, 1249 (10th Cir. 1998). With respect to legal research performed, the party requesting fees must provide enough information to determine whether the research was related to successful issues and reasonably necessary. *See id*. at 1252. "An award of reasonable attorney's fees may include compensation for work performed in preparing and presenting the fee application." *Id*. at 1254 (quoting *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1205 (10th Cir. 1986)).

## ANALYSIS

### Number of hours reasonably expended

The first items on Plaintiff's counsel's Time Sheet Excerpt are:

03/10/14….Review/Evaluate Defendant's Responses to Interrogatories, RFA, etc..….1.00
03/29/14….Research (Objections, Responses)………..……………………….…….1.00
03/30/14….Discovery Letter (Proposed Motion to Compel)………………………….3.00
03/31/14….Plaintiff's Motion to Compel…..…………………………..………………0.75
TOTAL: 5.75

[Doc. 82-1]. The Court has no basis for determining whether the second item is reasonable. The term "research" would naturally tend to reflect legal research. However, as Defendant has pointed out, Plaintiff's Motion contains no citation to legal authority. Plaintiff has cut-and-pasted each interrogatory, Defendant's original answers, Defendants' supplemental answers (in some cases), and a short suggestion as to how the Court should rule. *See* [Doc. 69]. Therefore, the Court will exclude the 1.00 hours for "Research (Objections, Responses)" on 03/29/14. *See Case*, 157 F.3d at 1249 (burden is on the party requesting fees to demonstrate that the time expended was reasonable).

The third item, "03/30/14…Discovery Letter (Proposed Motion to Compel)," references a letter attached to Plaintiff's First Motion to Compel.[2]  *See* [47-1] at 1–17. The Letter is extensive, though lacking in citations to legal authority. Despite that shortcoming, the Court will find those hours to be reasonable. The Court finds the remaining 0.75 hours for preparation of

---

[2] The Court denied Plaintiff's first motion [Doc. 47] without prejudice due to Plaintiff's counsel's failure to confer in good faith pursuant to Fed. R. Civ. P. 37(a)(1). *See* Order Denying without Prejudice Plaintiff's First Motion to Compel Defendant ENMU [Doc. 58]. Counsel subsequently conferred, and Plaintiff filed her Second Motion to Compel. [Doc. 69]. The Court understands that the time expended on the "Discovery Letter (Proposed Motion to Compel)" was in preparation for the First Motion to Compel (which was denied without prejudice) rather than the Second (which triggered the fees award at issue). However, the two motions were not actually separate and distinct because they involved the same discovery requests.

the first motion to be reasonable.³ Thus, the Court finds 4.75 hours to be reasonable for the above entries.

The next item on Plaintiff's counsel's Time Sheet Excerpt is:

04/15/14….Review Defendant ENMU's Response First Motion to Compel…………1.00
TOTAL: 1.00

[Doc. 82-1]. The Court finds that time to be reasonable.

The next items on Plaintiff's counsel's Time Sheet Excerpt are:

05/08/14….Review/Research ENMU's First Supplemental Discovery Responses…1.00
05/28/14….Review/Research ENMU's First Supplemental Discovery Responses…2.50
TOTAL: 3.50

*Id.* The Court determines that amount of time to be excessive and will reduce it to 1.5 hours.

The next items on Plaintiff's counsel's Time Sheet Excerpt are:

06/11/14….Plaintiff Second Motion to Compel……………………………………….1.50
06/16/14….Plaintiff Second Motion to Compel……………..………………………2.00
06/17/14….Defendant ENMU's Second Supplemental Response to RFP No. 8……...0.25
TOTAL: 4.75

*Id.* The Court is somewhat perplexed by these entries. The Second Motion to Compel appears to be cut-and-pasted from the First Motion to Compel, with minimal editing. *Compare* [Doc. 69], *with* [Doc. 47]. While the Court appreciates that some editing was required as a result of Defendant's Supplemental Responses, the Court finds 4.75 hours to be excessive and will reduce it to 1.5 hours.

The next items on Plaintiff's counsel's Time Sheet Excerpt are:

08/24/14….Preparation for Discovery Conference……………………………………0.50
08/25/14….Discovery Conference (Second Motion Compel)…………………………2.00
08/25/14….Review/Research/Follow up ENMU Post Discovery Letter……………...1.00
08/26/14….Hearing Preparation Second Motion to Compel…………………….…..1.50
08/26/14….Hearing on Second Motion to Compel…………………………....……..2.00
08/29/14….Affidavit Preparation……………………………………………………...0.50
TOTAL: 7.50

---

³ Although 0.75 hours seems somewhat meager, it appears to the Court that Plaintiff's counsel merely cut-and-pasted his arguments directly from his letter with few alterations. *Compare* [Doc. 47-1], *with* [Doc. 47]. Therefore, 0.75 hours seems reasonable.

[Doc. 82-1]. The Court finds these times to be reasonable.

The next items on Plaintiff's counsel's Time Sheet Excerpt are:

```
09/08/14….Research (Motions to Compel)…………………………………………0.50
09/08/14….Research (Objections to Fee Affidavit)…………………………….....1.75
09/09/14….Amended Fee Affidavit…………………………………………….....0.25
09/09/14….Reply to Objections to Attorney Fee Affidavit……………………….2.00
TOTAL: 4.50
```

*Id.* The Court finds these entries to be reasonable.

In summary, therefore, the Court finds 20.75 hours to be a reasonable number of hours incurred in connection with Plaintiff's Second Motion to Compel.

## Hourly Rate

Plaintiff's counsel is an experienced attorney with 23 years of experience. *See* [Doc. 82] at 2. He focuses his practice on civil rights, employment discrimination, disability discrimination, and education law. *Id.* The Court finds that $250/hr is a reasonable hourly fee for a litigator with counsel's experience, giving due consideration to the locale and the complexity of the matter at issue. This figure is consistent with other attorney fees awarded by the Court recently. *See* Order to Pay Plaintiff's Reasonable Expenses [Doc.58] at 2, in *Brown v. Cudd Pumping Services, Inc.*, No. 13-cv-0549 MCA/SMV (D.N.M.).

## Success Obtained

Defendant argues, in part, that Plaintiff should not be awarded attorney's fees to the extent that Defendant "agreed in advance of the hearing to supplement [certain disputed responses]." [Doc. 80] at 2; *see also* Certificate of Service [Doc. 76] (regarding Notice of Agreement by Defendants to Supplement Certain Discovery Responses). The Court disagrees with that reasoning. A party should not have to file a motion to compel to obtain adequate responses to discovery requests. *See* Fed. R. Civ. P. 37(a)(5)(A) (providing for reasonable

expenses including attorney's fees where "the disclosure or requested discovery was provided *after the motion was filed*") (emphasis added).  While the Court agrees that Defendant's actions demonstrate good faith, the Court disagrees with the suggestion that tardy compliance with the Rules should completely prohibit the moving party from recovering its expenses incurred in obtaining the resisting party's cooperation.

The Court agrees with Defendant that Plaintiff should be awarded only a portion of her reasonable attorney's fees, based on the extent to which she prevailed on her Motion.  But the Court disagrees with Defendant's assertion that, while Plaintiff's Motion challenged nearly every interrogatory response, "Plaintiff only prevailed on a few of the challenged interrogatory responses in part." [Doc. 80] at 3.  There were 26 interrogatories in dispute.  *See* [Doc. 78].  The Court denied the Motion with respect to only 10 interrogatories[4] on the grounds that Defendant's responses were sufficient.  *Id*. at 2.  The Court found the Motion to be moot with respect to 12 interrogatories[5] because Defendant had agreed to supplement its responses prior to the hearing. [Doc. 80].  That is not the same as saying Defendant prevailed.  The Court granted the Motion, in whole or in part, with respect to the remaining interrogatories.  *Id*.  Thus, the Court believes Plaintiff successfully challenged 16 out of 26 responses, or 62%.  Accordingly, the Court will award Plaintiff $3,216.25[6] in attorney's fees and $255.37 in New Mexico gross receipts taxes.

---

[4] Interrogatory Nos. 9, 12, 13, 14, 15, 16, 17, 18, 19, and 20. [Doc. 78] at 2.
[5] Interrogatory Nos. 1, 2, 4, 5, 7, 22, 23, 25, 26, 27, 30, and 31.  *Id.* at 1-2.
[6] 20.75 hours x 250/hour x 62% = $3,216.25.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendant ENMU shall pay Plaintiff $3,471.62 in attorney's fees and New Mexico gross receipts taxes within 30 days of entry of this Memorandum Opinion and Order.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**