IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBINETTE LONG,

      Plaintiff,

v.                                                                         No. CIV 13-380 RB/SMV

EASTERN NEW MEXICO UNIVERSITY
BOARD OR REGENTS, LEE QUICK,
JANE BLAKELEY, SCOTT SMART, KATHY
KNOLL, and JULIE GAWEHN,

      Defendants.

## MEMORANDUM OPINION AND ORDER

Plaintiff requests an opportunity to amend her Amended Complaint (Doc. 86) and to reopen discovery (Doc. 87). Having reviewed the parties' submissions and arguments, the Court **DENIES** both motions.

### I.    BACKGROUND

Plaintiff initially filed her Complaint on April 24, 2013. (Doc. 1.) After amending her Complaint (Doc. 4) and being Ordered to Show Cause (Doc. 5), Plaintiff served the Defendants with the Amended Complaint sometime in August or September 2013. (Doc. 7.) Defendants filed their Answer on September 9, 2013. (Doc. 6.) The United States Magistrate Judge issued a Scheduling Order keeping discovery open until June 23, 2014. (Doc. 17, October 28, 2013.)

The Parties had several discovery disputes. Plaintiff opposed Defendants' efforts to compel her to attend an independent psychological examination and Defendants' attempts to extend their deadline for export reports. (Docs. 41, 42, 55, 56.) Plaintiff also sought to compel Defendants to answer their interrogatories more completely. (Doc. 47.) The Magistrate Judge

denied this Motion on the grounds that Plaintiff did not first confer with Defendants' Counsel in good faith. (Doc. 58.) Defendants supplemented their interrogatory responses on May 7, 2014. (Doc. 57.) Plaintiff filed her Second Motion to Compel, again seeking more complete interrogatory responses. (Docs. 69.) Defendants supplemented their interrogatory responses a second time and third time. (Docs. 70, 76.) The Magistrate Judge granted Plaintiff's Second Motion to Compel in part and denied it in part, based on mootness or the sufficiency of the response. (Doc. 78.)

Defendants filed a Motion to Dismiss on July 18, 2014. (Doc. 73.) The Parties agreed to extend Plaintiff's time to respond due to a tragedy in her Counsel's family. (Doc. 85 at 1 n.1.) Plaintiff filed her Response on September 22, 2014. (Doc. 85.) In her Response, Plaintiff noted her objections to Defendants' "excessive delays" in responding to Plaintiff's discovery requests. (Doc. 85 at 14.) Two days later, on September 24, 2014, Plaintiff filed the present motions: a motion to amend her Amended Complaint and a motion to reopen discovery. (Docs. 86, 87.) These two motions were filed three months after discovery was scheduled to close. (Docs. 17, 86, 87.)

## II. AMENDING THE COMPLAINT

Plaintiff seeks to amend under Rule 15(a)(1). This Rule permits plaintiffs to amend their complaints "as a matter of course." Fed. R. Civ. P. 15(a)(1). This Rule does not apply to Plaintiff's sought-after amendment for two reasons. First, the Rule only allows a party to "amend its pleading once . . . ." *Id.* Plaintiff has already amended her Complaint once as a matter of course and therefore already used her free pass. (Am. Compl., Doc. 4.) Second, the Rule permits an amendment within twenty-one days of being served with a responsive pleading or a motion to dismiss, "whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). Plaintiff's rights to

amend "as a matter of course" ended twenty-one days after Defendants filed their Answer in September 2013. (Answer, Doc. 6.) As explained in the Advisory Committee's Notes, "there is no new 21-day period." Fed. R. Civ. P. 15 advisory committee's note.

At this stage, Plaintiff may only amend her Complaint "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Court will grant leave "when justice so requires." *Id.* Courts regularly deny leave to amend "when the party filing the motion has no adequate explanation for the delay." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006) (quotation omitted); *see also Martinez v. Target Corp.*, 384 F. App'x 840, 846-47 (10th Cir. 2010) (quoting same). Plaintiff attempts to justify her late amendment by pointing to Defendants' dilatory behavior. (Doc. 86 at 2-3.) Specifically, she faults Defendants for not raising their Eleventh Amendment defense earlier in the litigation. (Doc. 85.) However, Defendants raised this affirmative defense in their Answer. (Doc. 6 ¶ 139.) Separately, Plaintiff did not attach a copy of the proposed amended complaint, in violation of D.N.M. L.R-Civ. 15.1. Plaintiff must attach a copy of the proposed Second Amended Complaint before the Court will grant leave.

The litigation in this case has progressed to a late stage. Discovery is closed and the trial is pending. According to the Scheduling Order, Plaintiff should have finalized any amendments to her Complaint by January 23, 2014. (Doc. 17.) "[P]arties seeking to amend their complaints after a scheduling order deadline must establish good cause for doing so." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014). To justify disrupting the trial schedule, Plaintiff would need a compelling argument to persuade the Court that justice requires the amendment. Having failed to make such an argument, Plaintiff's Motion to Amend is denied.

## III. REOPENING DISCOVERY

Plaintiff asks the Court to reopen discovery.  (Doc. 87.)  Plaintiff seeks an unlimited reopening of discovery; she wishes to discover new evidence related to—but not limited to—her sex, disability, and retaliation claims.  (Doc. 87 at 4.)  She grounds her request in three occurrences: (1) Plaintiff again complains that Defendants delayed revealing their Eleventh Amendment defense; (2) the Magistrate Judge granted Defendants' two-and-a-half month extension for filing their expert report; and (3) Plaintiff's Counsel experienced a family tragedy in July 2014.  (Doc. 87 at 3-5.)

Parties seeking to modify a scheduling order must, under Rule 16 of the Federal Rules of Civil Procedure, make a showing of good cause.  Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *see also Gorsuch*, 771 F.3d at 1240.  For example, "Rule 16's good cause requirement may be satisfied . . . if a plaintiff learns new information through discovery or if the underlying law has changed."  *Gorsuch*, 771 F.3d at 1240.  Broadly, the moving party must show that the "scheduling deadlines cannot be met despite the movant's diligent efforts."  *Id.*

The Tenth Circuit identified several factors relevant to a district court's discretionary decision to reopen discovery.  These include:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1514 (10th Cir. 1990) (citing *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987)).

4

The Court finds that the *Smith* factors weigh against discovery being reopened.  First, the trial, set for March 2015, is now imminent.  Second, Defendants oppose the request.  Defendants claim, third, that they will suffer prejudice because reopening discovery will be costly and will further delay the trial.  Fourth, Plaintiff was not diligent in her use of the allotted discovery period.  Plaintiff attempts to blame Defendants for withholding their Eleventh Amendment defense, but Defendants did nothing of the sort.  Defendants listed their affirmative defense in their Answer.  (Doc. 6 ¶ 139.)  Going into discovery, Plaintiff should have known about Defendants' Eleventh Amendment defense and knew that Defendant ENMU was an arm of the state government.  (Doc. 4 ¶¶ 3, 100-101.)  Fifth, the original Scheduling Order gave the parties ample time for discovery.  Finally, sixth, the Court is not persuaded that reopening discovery will lead to relevant evidence and Plaintiff has not identified any new sources of potential evidence.

Along the same lines, the Court finds that the Plaintiff has not stated good cause to modify the scheduling order.  None of Plaintiff's three reasons justify reopening discovery three months after it closed.  If Plaintiff did not account for Defendants' sovereign immunity defenses in her discovery plan, neither Plaintiff's Counsel's family tragedy nor Defendants' extended time to file an expert report explain why.  Because Plaintiff did not show good cause, the Court declines to reopen discovery.

In her Motion, Plaintiff suggests that Defendants have not adequately complied with the Court's earlier Order Granting Plaintiff's Motion to Compel.  (Doc. 87 at 5.)  If that is so, Plaintiff must specifically identify the areas where Defendants are non-compliant and bring the matter to the attention of the Court.  Plaintiff must support the accusation with specific facts.

## IV. CONCLUSION

Plaintiff did not show good cause (1) why she should be permitted to amend her Amended Complaint or (2) why the Court should reopen discovery.

**THEREFORE**,

**IT IS ORDERED** that

1) Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 86) is **DENIED**; and

2) Plaintiff's Motion to Reopen Discovery (Doc. 87) is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**