## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ROBINETTE LONG,

       Plaintiff,

v.                                                                      No. CIV 13-380 RB/SMV

EASTERN NEW MEXICO UNIVERSITY
BOARD OR REGENTS, LEE QUICK,
JANE BLAKELEY, SCOTT SMART, KATHY
KNOLL, and JULIE GAWEHN,

       Defendants.

### MEMORANDUM OPINION AND ORDER

The parties in this action filed five motions in limine in anticipation of trial. (Docs. 100-04.) Having reviewed the parties' submissions and arguments, the Court **GRANTS in part** the Defendants' motions (Docs. 100-03) and **DENIES** Plaintiff's motion (Doc. 104).

### I.      BACKGROUND

After being fired, Plaintiff Robinette Long sued her former employer for violations of federal and state law. (Compl.) Essentially, she claims that Defendant Eastern New Mexico University failed to accommodate her after a coworker's assault exacerbated her post-traumatic stress disorder ("PTSD"). (*Id.*) After surviving a motion to dismiss on Eleventh Amendment grounds, Plaintiff brings the following claims: (1) Family Medical Leave Act interference claim for reinstatement; (2) Americans with Disability Act ("ADA") reasonable accommodation claim for reinstatement; (3) ADA retaliation claim for reinstatement; (4) ADA discrimination claim for reinstatement; (5) New Mexico Human Rights Act ("NMHRA") disability claims for damages; and (6) an assault and battery claim against Defendant Quick. (Doc. 98.)

On February 9, 2015, Defendants filed four motions in limine: (1) motion to strike cumulative witnesses; (2) motion to strike evidence of damages; (3) motion to strike expert witness testimony; and (4) motion to bar Plaintiff's testimony regarding the causes of her PTSD and anxiety.  (Docs. 100-103.)  Under the pretrial order, motions in limine were due on February 9, 2015.  (Doc. 99 at 16.)  On February 12, 2013, Plaintiff filed a motion in limine to exclude Defendants' expert witness testimony.  (Doc. 104.)   Almost three weeks later, on March 3, 2015, Plaintiff filed a motion to consider her motion in limine timely.  (Doc. 124.)

**II.     DISCUSSION**

### A.  Motion to Exclude Cumulative Witnesses

Defendants move to exclude several of Plaintiff's witnesses, including her daughter, sister, brother-in-law, friend, and co-worker.  (Doc. 100.)   Defendants argue that (1) these witnesses should not be permitted to testify to hearsay evidence about what happened at Plaintiff's work; (2) these witnesses are not qualified to testify about Plaintiff's state of health; and (3) the witnesses are cumulative under Rule 403.  (*Id.*)  Plaintiff opposes the motion.  (Doc. 111.)

Under the Rules of Evidence, Plaintiff's lay witnesses are allowed to testify to their relevant firsthand knowledge and perceptions.  *See* Fed. R. Evid. 701.  Defendants' first motion in limine is granted in that lay witnesses are not permitted to testify about hearsay or expert testimony within the scope of Rule 702.  Furthermore, should the testimony become cumulative at trial, the Court will entertain a motion to consider additional testimony cumulative under Rule 403.  The Court will not exclude Plaintiff's witnesses at this time.

## B.  Motion to Exclude Evidence of Certain Damages

Defendants next claim that Plaintiff should be barred from presenting evidence concerning certain types of damages.  (Doc. 101.)   Because of sovereign immunity, Plaintiff can only be awarded restitution, and not money damages, for her federal claims.  (Doc. 98 at 27.) She may recover money damages on her state law claims.  (*Id.*)

First, Defendants move to bar evidence of punitive damages under the NMHRA. Punitive damages are not recoverable under the NMHRA.  *Trujillo v. N. Rio Arriba Elec. Co-op, Inc.*, 41 P.3d 333, 344 (N.M. 2001).  Plaintiff may not present evidence of punitive damages under the NMHRA.  If she makes the appropriate showing, however, Plaintiff may recover punitive damages against Defendant Quick on the assault and battery claim.   *See Sanchez v. Clayton*, 877 P.2d 567, 573 (N.M. 1994) (explaining the availability of punitive damages for intentional torts).

Second, Defendants claim that Plaintiff should not be allowed to present certain types of evidence because she does not have an expert to support the claim.  (Doc. 101 at 4-6.) Specifically, Defendants argue that Plaintiff cannot present evidence on her medical-related expenses, future medical damages, loss of ability to work, her loss of wages, and her loss of Social Security benefits.  (*Id.*)

Damages have to be proven by "substantial evidence."  *Smith v. FDC Corp.*, 787 P.2d 433, 449 (N.M. 1990).  "[I]n an employment discrimination case, once discriminatory activity has been proved, [New Mexico] courts are willing to award damages despite uncertainty and the lack of precise measurement of injury as long as there is some evidence of damage, because of the public policy inherent in the law condemning invidious discrimination."  *Id.*  If a lay person can reasonably understand the nature of the damages, Plaintiff does not necessarily need an

expert.  For instance, in order to prove aggravation, Plaintiff can present comparative evidence through medical records and testimony.  *Stetz v. Skaggs Drug Centers, Inc.*, 840 P.2d 612, 618 (N.M. Ct. App. 1992) (citing *Morris v. Rogers*, 456 P.2d 863, 865 (N.M. 1969)).

However, Plaintiff must prove her damages with "reasonable certainty."  *Mascarenas v. Jaramillo*, 806 P.2d 59, 64 (N.M. 1991) ("Damages based on surmise, conjecture or speculation cannot be sustained.").  If Plaintiff needs an expert to establish damage causation and amount, those damages must be excluded.  For instance, to recover future medical expenses, Plaintiff must establish that future procedures will be required as a medical probability.  *See Regenold v. Rutherford*, 679 P.2d 833, 837 (N.M. Ct. App. 1984); *Baros v. Kazmierczwk*, 362 P.2d 798 N.M 1961).  And all future damages, minus pain and suffering, must be reduced to their present cash value.  N.M. R. Civ. Unif. Jury Instructions § 13-1822; *Behrmann v. Phototron Corp.*, 795 P.2d 1015, 1020 (N.M. 1990).  While this is the standard, the Court cannot yet judge if Plaintiff will meet these requirements.

Third, because they are not otherwise proper, Defendants move to bar evidence of hedonic damages, Plaintiff's loss of home and cost of rent, and her loss of professional advancement.  Under the NMHRA, Plaintiff can recover actual damages, which is synonymous with compensatory damages.  *Behrmann*, 795 P.2d at 1020.  Available compensatory damages include emotional distress damages.  N.M. R. Civ. Unif. Jury Instructions § 13-2310; *Charles v. Regents of N.M. State Univ.*, 256 P.3d 29, 33 (N.M. Ct. App. 2010).  As stated above, in order to recover any award, Plaintiff will have to establish causation and a damage amount with reasonable certainty.

Finally, Plaintiff repeatedly avers in her motions that Defendants have the burden to show that any distress Plaintiff currently suffers was preexisting.  (Doc. 104 at 3; Doc. 109 at 4; Doc.

4

110 at 3; Doc. 112 at 2.)  That is not an accurate statement of New Mexico law.  Given the theory of her case, Plaintiff has the burden to prove that her conditions were aggravated by Defendants' conduct.  See *Morris*, 456 P.2d at 865 (explaining how a plaintiff can prove aggravation); *Stetz*, 840 P.2d at 618 (same).

Defendants' second motion in limine is granted in that Plaintiff's evidence must conform to the requirements of New Mexico law.  The Court will be receptive to reviewing whether Plaintiff meets these standards at trial.

### C.  Motion to Exclude Expert Testimony from Treating Physicians

Defendants filed their third motion in limine to challenge testimony from Plaintiff's ten treating physicians.  (Doc. 102.)  Defendants argue (1) that the physicians' testimony should be limited to facts because none of them were properly designated as experts; (2) that Dr. Durham should be barred from serving as an expert rebuttal witness because he did not file the necessary reports; and (3) that the witnesses are cumulative.  (*Id.*)   Plaintiff did not file expert reports as required under Federal Rule of Civil Procedure 26(a)(2)(B), and acknowledges that her physicians should be limited to testifying about their personal knowledge and actual treatment. (Doc. 109 at 2-3.)

Consistent with precedent in the Tenth Circuit and this district, Plaintiff's treating physicians will be allowed to testify to "fact opinions" regarding their treatment of Plaintiff.  *See Davoll v. Webb*, 194 F.3d 1116, 1138 (10th Cir. 1999) ("A treating physician is not considered an expert witness if he or she testifies about observations based on personal knowledge, including the treatment of the party."); *Farris v. Intel Corp.*, 493 F. Supp. 2d 1174, 1180 (D.N.M. 2007) (holding that a non-expert physician's testimony "is limited to the 'fact opinions' that [the doctor] formed based on his personal knowledge and observations obtained during his course of care and treatment of Plaintiff").  The non-

expert treating physicians will be allowed to proffer fact testimony, but not opinion testimony regarding the cause of Plaintiff's injuries. *Davoll*, 194 F.3d at 1138 (permitting a treating physician to describe medical conditions, but not necessarily to testify regarding causation). Nor should Plaintiff's treating physicians be permitted to testify about any information, including other doctors' records, which they reviewed outside of Plaintiff's treatment. *Id.* at 1138; *Frietze v. Safeco Ins. Co. of Am.*, No. 12-cv-0584 SMV/CG, slip. op. at 8-10 (D.N.M. Apr. 8, 2013).

Separately, because Plaintiff did not file a rebuttal report as required by the Federal Rules of Civil Procedure, Dr. Durham cannot rebut Defendants' expert report. Fed. R. Civ. P 26(a)(2)(D)(ii); *Frietze*, No. 12-cv-0584 SMV/CG, slip. op. at 10-11 & n.6. Under Rule 37, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P 37(c)(1). Plaintiff offers no justification for the failure to submit the rebuttal report. Furthermore, the failure to disclose a rebuttal report is not harmless. With trial looming in less than three weeks, any attempt to cure the prejudice to defendants would only disrupt the trial schedule. *See Frietze*, No. 12-cv-0584 SMV/CG, slip. op. at 12.

As a final matter, should the testimony become cumulative at trial, the Court will consider a motion to exclude further testimony under Federal Rule of Evidence 403. Defendant's third motion in limine is granted in part as described above.

### D.  Motion to Exclude Plaintiff's Testimony

In their fourth and final motion in limine, Defendants seek to exclude Plaintiff's testimony regarding her mental health issues and their cause. (Doc. 103 at 2.) Defendants argue

that Plaintiff is not qualified to opine on the causes of her medical conditions and that any such testimony would confuse the jury.  (Doc. 103 at 3.)

Any competent witness can testify and describe how they felt at a particular time.  Fed. R. Evid. 701(a).  Defendants' fourth motion in limine is granted in that she cannot testify about the medical causes of her conditions.  Such testimony would require scientific expertise.

### E.  Motion to Exclude Defendants' Expert Testimony

Plaintiff moved to exclude testimony from Defendants' expert witness, Dr. Anne Rose.  (Doc. 104.)  Plaintiff filed this motion three days after the deadline for motions in limine.  *Supra*, at 2.  The Court, however, denies Plaintiff's motion on the merits.  In her motion, Plaintiff argues that Dr. Rose's testimony is not relevant, will not assist the jury, and encroaches on the jury's role.  (Doc. 104 at 2-3.)  Plaintiff's motion relies on Rules 702 and 403.

In her Reply, Plaintiff claims to challenge the expert on *Daubert* grounds.  (Doc. 123 at 1.)  She did not argue *Daubert* in her original motion, raising the challenge for the first time in her Reply.  In her Reply, Plaintiff does not question Dr. Rose's qualifications.  The only arguments Plaintiff makes in support of her *Daubert* challenge is that Dr. Rose's data review was limited and biased in favor of the defense.  (*Id.* at 2.)  Dr. Rose relied on an interview with Plaintiff, psychological and cognitive testing, and a review of records.  (Doc. 108-1 at 1.) Producing an article from the *Professional Pyschology* journal, Defendants argue that Dr. Rose followed generally-accepted methodology and reviewed standard data sets for forensic psychiatrists.  (Doc. 108 at 4.)  Plaintiff does not argue that Dr. Rose's data and methodology are not in keeping with standards in forensic psychology.  Plaintiff's primary complaint is that Dr. Rose's review is unreliable because defense counsel provided her a record and her report was biased in favor of the defense.  (Doc. 123 at 2-3.)  This kind of attack goes to Dr. Rose's

credibility more than it does her methodology.  *See Cruz-Vazquez v. Mennonite Gen. Hosp., Inc.*, 613 F.3d 54, 59 (1st Cir. 2010) (holding that a trial court erred when it excluded medical expert's testimony for bias, instead of looking to recognized *Daubert* factors).  Credibility issues are for the jury to determine, not the Court, and not during a *Daubert* challenge.  *See Heer v. Costco Wholesale Corp.*, 589 F. App'x 854, 862 (10th Cir. 2014) ("At the Rule 702 gatekeeping stage, district courts must avoid weighing the credibility or persuasiveness of the competing experts' ultimate conclusions.").  In short, Plaintiff's *Daubert* challenge, raised on March 2, 2015, was untimely.  But even if Plaintiff had timely raised a *Daubert* challenge, the challenge would fail on the merits.

In her motion, Plaintiff argues that Dr. Rose's testimony must be excluded because it is not helpful to the trier of fact.  (Doc. 104 at 2.)  Pointing to Dr. Rose's conclusion that Plaintiff's claims cannot be confirmed or denied by psychological means, Plaintiff posits that this ambiguous information could not assist a trier of fact.  (*Id.*)  Defendants explain that Dr. Rose's testimony will aid the jury because she will testify to her review of Plaintiff's medical history, her interview with the Plaintiff, and her assessment of Plaintiff's emotional distress claims.  (Doc. 108 at 6.)  The Court agrees that this testimony is relevant and, as such, could aid the trier of fact.  Doubts about the usefulness of an expert's testimony should generally be resolved in favor of admissibility.  *See Robinson v. Mo. Pac. R.R. Co.*, 16 F.3d 1083, 1090 (10th Cir. 1994) (citing J. Weinstein & M. Berger, *Weinstein's Evidence*).

Finally, Plaintiff complains that Dr. Rose used inflammatory adjectives regarding Plaintiff's credibility.  (Doc. 104 at 3.)  Plaintiff argues that Dr. Rose's conclusions—including the assessment that Plaintiff is "borderline psychotic" and suffers from "unnecessary invalidism"—improperly impeach Plaintiff's credibility.  (*Id.*)  Plaintiff argues that such

8

comments must be excluded because credibility determinations are the exclusive province of the jury. (*Id.*)

The Court construes this as a challenge under Rule 403. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of [] unfair prejudice . . . ." Fed. R. Evid. 403. All evidence is intended to be prejudicial to the other side. The Court must only guard against *unfair* prejudice. If expert testimony does "nothing but vouch for the credibility of another witness," it encroaches on the jury's role. *United States v. Hill*, 749 F.3d 1250, 1259 (10th Cir. 2014). On the other hand, parties are allowed to impeach the opposing parties' witnesses. Here, Dr. Rose merely offers evidence to rebut Plaintiff's allegations that Defendants' actions exacerbated her injuries. The Court will not exclude Dr. Rose's testimony because the danger of unfair prejudice does not substantially outweigh its relevance.

Accordingly, Dr. Rose can testify to the contents of her expert report. Plaintiff's motion in limine is denied. Because the Court denies Plaintiff's motion in limine on the merits, Plaintiff's motion for an extension of time is denied as moot.

**THEREFORE**,

**IT IS ORDERED** that:

(1) Defendants' Motions in Limine (Doc. 100, 101, 102, 103) are **GRANTED in part**, as described herein;

(2) Plaintiff's Motion in Limine (Doc. 104) is **DENIED**; and

(3) Plaintiff's Motion for Extension of Time (Doc. 124) is **DENIED** as moot.

**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**

9