IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBINETTE LONG,

       Plaintiff,

v.                                                                       No. CIV 13-380 RB/SMV

EASTERN NEW MEXICO UNIVERSITY
BOARD OF REGENTS, LEE QUICK,
JANE BLAKELEY, SCOTT SMART, KATHY
KNOLL, and JULIE GAWEHN,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

Defendants Eastern New Mexico University *et al.* moved for sanctions after Plaintiff's counsel scheduled a deposition and then cancelled it without notifying defense counsel. (Doc. 147.) Plaintiff opposed the sanctions. Having reviewed the parties' arguments and submissions, the Court finds good cause to impose sanctions against Plaintiff's counsel under Federal Rules of Civil Procedure 30 and 37.

    **I.**    **BACKGROUND**

In the underlying suit, Plaintiff Robinette Long sued her former employer for violations of federal and state law. (Compl.) As the parties prepared for impending trial, Plaintiff notified the Court that Dr. David Durham, an important witness for Plaintiff, would not be able to attend the scheduled trial. (Doc. 107.) To accommodate this witness, Plaintiff moved the Court for permission to take a video deposition of the doctor in lieu of live testimony. (*Id.*) In her motion dated February 18, 2015, Plaintiff suggested taking the video deposition on either March 17 or 18, 2015. (*Id.* at 3.) The Defendants stipulated to these video deposition dates. (Doc. 131 at 1.)

Subsequently, Plaintiff noticed the deposition, through the Court's electronic filing system, for March 17, 2015. (Doc. 142.) The Court accepted the parties' stipulation regarding the video deposition. (Doc. 143.)

Separately, based on Plaintiff's proposed voir dire questions, the Court had cause to question whether Plaintiff had a continuing basis for seeking relief on her federal claims. (Doc. 149.) The Court notified the parties of its concerns and set a status conference on March 16, 2015. (*Id.* at 2.) During the telephonic status conference, Plaintiff's counsel, Mr. Paul Gayle-Smith, asked the Court to exercise its supplemental jurisdiction over Plaintiff's state law claims and hold the trial, even if Plaintiff had no basis for pursuing her federal claims. (*Id.* at 2-3.) The Court took the parties' arguments under advisement. At this point, the parties were still scheduled to hold Dr. Durham's deposition the next day.

When the Court contacted counsel to hold a follow-up status conference on March 17, 2015, Defense counsel informed the Court that he arrived at Dr. Durham's noticed deposition location, only to discover that there was no deposition scheduled. According to Defendants' motion, defense counsel traveled from Roswell to Albuquerque, New Mexico, based on the deposition notice. (Doc. 147 ¶ F.) When counsel arrived at the appointed location, not only was no one there, the room was no longer reserved for that day. (*Id.* ¶ G.) Defense counsel telephoned his assistant, who in turn contacted the court reporting service listed on the deposition notice. (*Id.* ¶ H.) The court reporting service confirmed that Mr. Gayle-Smith called on the afternoon of March 16 to cancel the noticed deposition and reschedule it for March 18, 2015. (*Id.*¶¶ H, I.) Although Plaintiff's counsel informed the venue, the court reporter, and presumably the witness of the rescheduled deposition, Plaintiff did not inform defense counsel. (*Id.* ¶ K.)

During the follow-up conference on March 17, 2015, the Court inquired of Mr. Gayle-Smith whether Defense counsel's story about the deposition was true. Mr. Gayle-Smith admitted that he had scheduled and then cancelled a deposition. He explained that he did not inform Defendants of the cancellation because he was, inexplicably, unaware that he notified Defendants of the deposition in the first place. After hearing Mr. Gayle-Smith's explanation, the Court noted that his behavior sounded like sanctionable conduct.

Ultimately, for reasons unrelated to this current motion, the Court dismissed Plaintiff's suit. (Doc. 149.) Before the Court issued its order of dismissal, Defendants filed a motion for sanctions based on the cancelled deposition. (Doc. 147.) In the order dismissing Plaintiff's claims, the Court announced that it would retain jurisdiction over the parties to decide the motion for sanctions. (Doc. 149 at 11-12; Doc. 150 at 1.)

Mr. Gayle-Smith responded in writing to the motion for sanctions. (Doc. 152.) In his response, Mr. Gayle-Smith "takes full responsibility for his error," and blames the incident on a "total memory lapse." (*Id.* ¶¶ 1, 4.) Repeating his explanation from the status conference, Mr. Gayle-Smith explains that his error was not forgetting to notify Defendants of the cancelled deposition, but forgetting that he had ever noticed the deposition in the first instance. (*Id.* ¶ 2.) Mr. Gayle-Smith offers various justifications for his memory lapse. (*Id.* at 3, 6-7.) Furthermore, Plaintiff offers to pay Defendants $1,000 to compensate defense counsel for his time and expense. (*Id.* ¶ 5.)

## II. DISCUSSION

Generally, before issuing sanctions, the Court orders the affected party to show cause why sanctions should not be imposed and holds a hearing. *See United States v. Melot*, 768 F.3d 1082, 1085 (10th Cir. 2014) ("Sanctions cannot be assessed without the 'basic requirements of

3

due process,' which are 'notice that such sanctions are being considered by the court and a subsequent opportunity to respond.'"). However, the 1993 amendments to the Federal Rules of Civil Procedure make clear that a party facing sanctions does not have to be offered a "hearing," only an "opportunity to be heard." Fed. R. Civ. P. 37 advisory committee's note to the 1993 Amendments ("[T]he court can consider such questions on written submissions as well as on oral hearings.").

Since March 17, 2015, Plaintiff's counsel has been on notice that he may be subject to sanctions based on the cancelled deposition. *See Melot*, 768 F.3d at 1085 (ruling that proper notice of sanctions must describe the "conduct alleged to be sanctionable"). Plaintiff's counsel first orally responded to the factual basis for the sanctions at the telephonic conference on March 17, 2015, and at that time, the Court commented that his conduct may have been sanctionable. In their motion for sanctions, Defendants identified the correct standard for assessing sanctions, Rules 30 and 37. Plaintiff did not object to the identified rules. Furthermore, Mr. Gayle-Smith had an opportunity to respond in writing via his response brief. Importantly, Mr. Gayle-Smith did not request an oral hearing. Given that the parties do not dispute the factual circumstances, the Court finds that holding a hearing would be unnecessary. *Accord Beard v. Braunstein*, 914 F.2d 434, 447 (3d Cir. 1990) (holding that a reasonable reading of Rule 37 "permits some cases to be disposed of on the record and, to that extent, prevents unnecessary expenditure of judicial time"). Prior to this Order and prior to his written response, Mr. Gayle-Smith had both notice of the "conduct alleged to be sanctionable" and the "standard by which that conduct would be assessed." *See Melot*, 768 F.3d at 1085.

Pursuant to Rule 30 of the Federal Rules of Civil Procedure, the Court may sanction a party for impeding, delaying, or frustrating a deposition, which includes noticing a deposition

and then failing to appear. Fed. R. Civ. P. 30(d)(2), (g). Under Rule 37(d), if a party fails to attend its own deposition, "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

Here, the undisputed facts support the contention that Plaintiff improperly frustrated a fair examination of Dr. Durham. In *FTC v. Dalbey*, the district court found that defense counsel violated Rule 30(d) when it notified plaintiff's counsel by letter two days in advance that it intended to cancel a noticed deposition, but never quashed the subpoena. No. 11-CV-01396-RBJ-KLM, 2011 WL 6413819, at *1 (D. Colo. Dec. 21, 2011). Unable to reach the defendants by phone to clarify the situation, plaintiff's counsel traveled for the deposition despite the cancellation letter. *Id.* Defense counsel did not attend. *Id.* The *Dalbey* court awarded sanctions against the defendants for violating Rule 30(d)'s prohibition on actions that impede, delay, or frustrate fair depositions. *Id.* at *2. In comparison, the facts underlying this motion are far more egregious: Plaintiff's counsel never contacted Defendants to notify them that the deposition was rescheduled. Plaintiff never filed an amended notice in the docket.

Under a separate Rule, a party may recover its expenses if the party, "expecting a deposition to be taken, attends in person or by an attorney," but the noticing party fails to attend or proceed with the deposition. Fed. R. Civ. P. 30(g)(1). Based on the undisputed facts, Plaintiff properly noticed the deposition. Defendants had good reason to expect a deposition to be taken on March 17, 2015, and defense counsel attended the deposition in person. The action was still pending when the deposition was originally scheduled. Yet, Mr. Gayle-Smith failed to proceed with the noticed deposition. These facts state a clear violation of Rule 30(g)(1). *See Cronin v.*

*Midwestern Okla. Dev. Auth.*, 619 F.2d 856, 864 (10th Cir. 1980) (affirming sanctions for attorney who failed to proceed with a properly noticed deposition).

Relying on *Pioneer Investment Services Co. v. Brunswick Associates LP*, Mr. Gayle-Smith argues that the sanctions should be denied because his failure constitutes "excusable neglect." (Doc. 152 ¶¶ 18-22.) In *Pioneer Investment*, the Supreme Court found that Congress empowered courts to use discretion by creating a rule that allowed courts to accept late bankruptcy filings "where the failure to act was the result of excusable neglect." 507 U.S. 380, 388 (1993) (quoting Fed. R. Bankr. Pro. 9006). In contrast to the bankruptcy rules, Rule 30 nowhere mentions the phrase "excusable neglect." The Court considers Mr. Gayle-Smith's arguments under the "substantially justified" standard from Rule 37(d)(3). Under Rule 37(d)(3), the court must require a party who failed to attend its own deposition "to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). The Supreme Court explains that the "substantially justified" standard from Rule 37 can be met "if reasonable people could differ as to the appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (quoting *Reygo Pacific Corp. v. Johnston Pump Co.*, 680 F.2d 647, 649 (9th Cir. 1982)).

The Court finds that Mr. Gayle-Smith's explanations do not justify his failure to notify the Defendants. Primarily, Mr. Gayle-Smith argues that he did not fail to notify Defendants the deposition was rescheduled, rather he failed to remember that he ever notified Defendants about the original deposition. (Doc. 152 ¶ 2.) The Court finds this unavailing for two reasons. First and foremost, Mr. Gayle-Smith does not deny that he did, in fact, properly notify Defendants through the Court's electronic filing system, and then did not amend the notice or otherwise

notify Defendants of the change in plans.  Mr. Gayle-Smith admits that defense counsel suffered some prejudice because of this.  (Doc. 152 ¶ 21.)  Second, Plaintiff's explanation does not justify the failure, rather it suggests that Mr. Gayle-Smith was on track to violate Rule 30(b), which requires that parties give reasonable written notice of depositions in advance.  Fed. R. Civ. P. 30(b)(1).  Alternatively, Mr. Gayle-Smith explains that his memory failed because (1) his client's health caused "turmoil," (2) he was an overwhelmed solo practitioner, and (3) he was sleep deprived.  (Doc. 152 ¶¶ 9, conclusion.)  All three describe problems that regularly plague attorneys.  The Court does not believe that any reasonable person would find Plaintiff's actions "appropriate" based on these common excuses.  *See Pierce*, 487 U.S. at 565 (explaining standard for substantial justification).

Finally, Mr. Gayle-Smith further claims that it would be unjust to award sanctions in this case because (1) the error was not malicious, (2) he has no history of discovery violations, (3) defense counsel did not confer with him before filing the motion for sanctions, and (4) sanctions would be bad for his reputation.  (Doc. 152 at 6-7.)  The Court finds Mr. Gayle-Smith's behavior inexcusable and inexplicable, but not necessarily malicious.  For that reason, the Court will not award sanctions in addition to attorney's fees and expenses.  However, the Court does find an award of attorney's fees to be justified under Rule 30 to cover defense counsel's fees and costs for attending the cancelled deposition and for filing this motion.

If a Rule violation is the fault of the litigant's attorney, then the attorney is the proper party to suffer the sanction.  *See M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869, 873 (10th Cir. 1987) (applying Rule 37); *Smith v. United States*, 834 F.2d 166, 171 (10th Cir. 1987) ("The impact of any sanction should then be directed at the lawyer or the party depending upon who is at fault.").  Mr. Gayle-Smith avers that the fault was entirely his own and not his client's.  (Doc.

7

152 ¶¶ 4, 16.) Accordingly, the Court imposes the sanction on Mr. Gayle-Smith and not on Plaintiff.

### III. THE SANCTION

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckert*, 461 U.S. 424, 433 (1983) (interpreting the attorney fee provision of 42 U.S.C. § 1988). Claiming he reasonably expended 13 hours, defense counsel breaks down his time as follows:

a. 3.5 hours to travel from Roswell to Albuquerque;

b. 1 hour waiting for the deposition to begin and, subsequently, attempting to figure out why the deposition was not happening;

c. 3.5 hours return trip from Albuquerque to Roswell;

d. 5 hours to research sanctions law, read relevant cases, draft two affidavits, and write a motion in support of the sanctions.

(Doc. 147 ¶¶ M-O; Doc. 155 at 5.) Plaintiff argues that 5 hours to draft the motion was excessive given that Defense counsel could have assigned a junior attorney to draft the motion in 2 hours. (Doc. 152 ¶ 24.) In the Court's estimation, 5 hours is a reasonable amount of time to research law, draft two affidavits, write a motion, and edit a motion. The Court finds that Defense counsel reasonably expended 13 hours.

Defense counsel requests that he be reimbursed at his typical hourly rate of $225.00/hour. (Doc. 155 at 5.) For this litigation, however, defense counsel is working under contract at a rate of $160.00/hour. (Doc. 147 ¶ P.) Mr. Gayle-Smith argues that awarding more than the $160/hour contract rate would be unfair because his failure was "involuntary and

unintentional." (Doc. 152 ¶ 23.) Given the circumstances of this case, the Court will apply the lower rate. Accordingly, Mr. Gayle-Smith must pay Defendants $2,080.00 in attorney's fees. Additionally, Mr. Gayle-Smith must reimburse defense counsel for his mileage expenses. Defense counsel drove 402 miles. Based on the Internal Revenue Reimbursement rate of $0.575 per mile, Mr. Gayle-Smith must pay $231.15 for driving expenses. In total, Mr. Gayle-Smith must pay $2,311.15 in fees and expenses, plus New Mexico state gross receipts tax.

**THEREFORE**,

**IT IS ORDERED** that Mr. Gayle-Smith is sanctioned for failing to notify Defendants that a noticed deposition was cancelled. Within 30 days of the entry of this Memorandum Opinion and Order, Mr. Gayle-Smith must pay Defendants $2,080.00 in attorney's fees, $231.15 for mileage expenses, and New Mexico state gross receipts taxes.

_____
**ROBERT C. BRACK**
UNITED STATES DISTRICT JUDGE